Matter of the Estate of LOUIS LOEB, Deceased.

(Surrogate's Court, New York County, October, 1919.)

Accounting — executors and administrators — issues should be raised by objections to account.

> Upon a creditor's application to compel executors to account, all the issues may be raised by objections in the usual way, and the practice of one of the executors filing an answer asking that the court, before directing any accounting, construe an agreement of guaranty entered into by said executor, the testator and a third person, and to determine the extent of the separate liability of the estate and its interest in certain securities, should neither be encouraged nor sanctioned.

Surrogate's Court, New York County, October, 1919. [Vol. 109.

APPLICATION by a creditor to compel executors to account.

Henry Escher, Jr. (Cecile Iselin, of counsel), for petitioner.

Wolf & Kohn (Sol. Kohn, of counsel), for executor Emil Loeb.

Alexander, Cohn & Sondheim (Henry W. Jessup, of counsel), for Frederick R. Reis as executor.

FOWLER, S. This is a regular and ordinary application by a creditor to compel the two executors of the above-named testator to account.

One of the executors in an answer, and not by objections in the usual way, appears and alleges that an agreement of guaranty was entered into by the testator, the said executor and a third party, and asks the court before directing any accounting to construe said agreement of guaranty and to determine the extent of the separate liability of the estate and its interest in certain securities.

It seems to me that such practice should not be encouraged or sanctioned. All the issues may be raised by objections and heard and determined at the same time. To determine certain issues of law and fact in advance would in my mind be open to criticism.

The application that the court primarily determine the above questions or order a preliminary reference is therefore denied.

Application denied.